UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN MUNLYN, DIN #10-A-0387,

                                                                Plaintiff,

v.

                                                                         DECISION AND ORDER

CORRECTION OFFICER PIETRIE,                 Case No. 13-CV-6170FPG
CORRECTION OFFICER KOON,
CORRECTION OFFICER NEWARK,
DR. ADAMS, Upstate Corr. Fac. 11 Bldg,
RN WILSON, Upstate Corr. Fac. 11 Bldg,
NURSE JOHN DOE, Upstate Corr. Fac. 11 Bldg,

                                                             Defendants.
_____

I.     **INTRODUCTION**

    *Pro se* Plaintiff Justin Munlyn ("Plaintiff"), an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), filed a Complaint on March 29, 2013 against Defendants CORRECTION OFFICER PIETRIE ("C.O. Pietrie"); CORRECTION OFFICER KOON ("C.O. Koon"); CORRECTION OFFICER NEWARK ("C.O. Newark"); DR. ADAMS ("Dr. Adams"), Upstate Corr. Fac. 11 Bldg; RN WILSON ("RN Wilson"), Upstate Corr. Fac. 11 Bldg; and NURSE JOHN DOE ("Nurse Doe"), Upstate Corr. Fac. 11 Bldg, pursuant to 42 U.S.C. § 1983, alleging as the constitutional bases for his claim cruel and unusual punishment in violation of the Eighth Amendment and a violation of the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1. The Complaint also shows Plaintiff checked the following grounds for his § 1983 action: "Equal Protection," "Excessive Force," "Failure to Protect," and "Denial of Medical Treatment." *Id.* at 5.

Defendants have filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff's failure to state a claim upon which relief can be granted (ECF No. 10), and Plaintiff has submitted his Memorandum in Opposition to the Motion to Dismiss (ECF No. 15).[1] Upon review of this matter, including to the extent that Plaintiff alleged the checked claims, and for the reasons set forth herein below, the Defendants' motion to dismiss the Complaint is hereby granted.

## II.   FACTUAL BACKGROUND

The Complaint sets forth two separate claims. The following allegations comprise the first claim (ECF No. 1, p 6-8): On February 27, 2012, Plaintiff and other two inmates were transported from Five Points Correctional Facility ("Five Points") to court in Seneca County by C.O. Pietrie, C.O. Koon and C.O. Newark. Before being transported and after arriving at the Seneca County Court building, Plaintiff informed them that his leg braces were on incorrectly. Initially, Plaintiff was told to "Wait until we feel like changing them," and at the Seneca County Court his escort officer "checked them only with a[n] eyes view," and told Plaintiff to "sit down." After court, again, Plaintiff pleaded to change the direction of his leg irons, but no change was made. Their attention diverted by a female officer transporting another inmate and "neglecting their responsibilities," C.O. Pietrie and C.O. Koon directed Plaintiff, in full restraints, and another inmate to go down the stairs unattended. As Plaintiff proceeded to do so, the cuff on the leg iron poked him in the ankle and when he tried to regain his balance, the chain

---

[1] On December 31, 2013, this Court entered an Order denying Plaintiff's Notice of Motion seeking "an extension to prepare a request for discovery and a motion to compel of interrogatories." ECF No. 17. Subsequently, due to the pendency of Defendants' Motion to Dismiss and Plaintiff's timely filed response thereto, the Court denied Plaintiff's request for discovery pursuant to Fed. R. Civ. P. 12(b) and *Applewhite v. Sheahan*, No. 08-CV-6045-CJS, at *5, 2013 WL 144957 (W.D.N.Y. January 11, 2013). ECF No. 19.

of the leg iron tripped his left foot causing him to fall on his back and slide with another inmate, who tried to help him, down a flight of stairs. Plaintiff, along with the other inmate, was transported by ambulance to Geneva Medical Center where Plaintiff was treated for injuries to his neck, back and right wrist, given pain medication by injection, a cushion neck brace, a wheel chair and a cane. Upon his return to Five Points, Plaintiff was seen by a nurse who took his statement for his medical files. After complaining all night about his pain and making a written complaint about how he was treated, Plaintiff was transferred the next morning to Downstate Correctional Facility ("Downstate"), where Plaintiff was given everything ordered.

The second claim (ECF No. 1, p 6, 9-11) alleges that from February 28, 2012 until May 23, 2012, Plaintiff, then an inmate at Upstate Correctional Facility ("Upstate"), sent many complaints requesting to be seen by the doctor for chronic neck, back and wrist pains. Nurse Doe, against whom Plaintiff had used the grievance procedure, stopped by his cell, but was disrespectful and denied all requests to see the doctor. Plaintiff was finally seen once by Dr. Adams who "has a long history of being unprofessional and negligent to inmates." Dr. Adams stated, "He could care less of my pains" and asked about "my asthma." At that time, Doctor Adams ordered officers to "forcefully" take Plaintiff's neck brace and walking cane, and upon Plaintiff's refusal and repeated statements that he was in pain, Dr. Adams denied him permission to see the Upstate physical therapist. According to Plaintiff, RN Wilson neglected all of Plaintiff's complaints and stated, "Stop lying your [sic] fine." "In result to negligence," Plaintiff was subsequently transferred to Clinton Correctional Facility where he was treated and provided pain medication and, thereafter, transferred to Auburn Correctional Facility where he is seeing a mental health specialist and receiving physical therapy to help relieve pain.

## III. DISCUSSION

### A. Legal Standard for Motion to Dismiss

A court deciding a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The determination regarding "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

"[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of the court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010).

4

Where the complaint was filed *pro se,* "it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir, 2013) (citing *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted)). Notwithstanding this solicitous approach, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills,* 572 F.3d 66, 73 (2d Cir. 2009).

### B.   42 U.S.C § 1983 Claims

Section 1983 does not itself create any substantive rights, but provides a means by which a person alleging a constitutional violation may bring a claim.[2] (*Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)) (Section 1983, itself, is not "'a source of substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'")). Thus, to state a claim under § 1983, a person must allege that a defendant acting under color of state law has deprived him of a right, privilege, or immunity guaranteed by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. Here, Plaintiff alleges violations of his Eighth Amendment rights by excessive force, denial of medical treatment and failure to protect his safety, and violations of his Fourteenth Amendment right to equal protection under the law.

#### 1. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment," U.S. Const. amend. VIII, and this prohibition includes punishments that "involve

---

[2] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

5

the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Inmates "have the right to be free from the 'unnecessary and wanton infliction of pain' at the hands of prison officials," *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir.1993) (*citing Estelle v. Gamble*, 429 U.S. at 104) (quoting *Gregg v. Georgia* 428 U.S. at 173).

### a. Excessive Force

To bring an excessive force claim under the Eighth Amendment, a plaintiff must allege both an objective element and a subjective element. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). The objective element is "contextual and responsive to contemporary standards of decency" and requires a demonstration that 'the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." *Hudson v. McMillian*, 503 U.S. at 9-10. Thus, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* Consequently, not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") Yet, "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated .... whether or not significant injury is evident." *Id.* at 9.

The subjective component of an excessive force claim requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness'" in view of the particular circumstances surrounding the challenged conduct. *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (citing *Blyden v. Mancusi*, 186 F.3d at 262) (quoting

*Wilson v. Seiter*, 501 U.S. 294, 299 (1991)). Whether conduct in an excessive force case was "wanton" turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 7; *see also Blyden v. Mancusi*, 186 F.3d at 262–63.

Assuming, as I must, that the factual allegations of the complaint are true and interpreting the Complaint to raise the strongest claims that it suggests, and to the extent that Plaintiff's allegations suggest an excessive force claim, I conclude that Plaintiff has failed to state a plausible claim under the Eighth Amendment. Read liberally, the Complaint merely alleges the leg irons were placed on improperly or incorrectly and reflects no allegations that any force whatsoever was used by the corrections officers in the placement of the leg irons, or that Plaintiff suffered harm or physical injury in the placement of the leg irons. Unlike in *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994) (complaint alleged too tightly placed restraints, causing serious and permanent physical injury, were placed wantonly and maliciously in retaliation for being a litigious inmate), Plaintiff's allegations are insufficient to meet the objective standard, and absent from the Complaint are any allegations from which the necessary subjective component of "wantonness" may be gleaned. The allegations of excessive force set forth in this claim fail both prongs of the Eighth Amendment analysis. To the extent alleged, this claim is dismissed.

### b. Denial of Medical Treatment

Plaintiff also alleges as a constitutional basis for his § 1983 action the denial of medical treatment. ECF No. 1. Construing Plaintiff's allegations to suggest the strongest possible arguments, he is alleging a violation of the Eighth Amendment due to inadequate medical treatment or care by Upstate medical officials. To establish an Eighth Amendment claim for inadequate medical treatment or care, a plaintiff must prove that the defendant(s) acted with "deliberate indifference to [his] serious medical needs," *Estelle v. Gamble*, 429 U.S. at 104, as

distinguished from offering mere proof of "negligen[ce] in diagnosing or treating a medical condition." *Id.* at 106; *see also Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).

This deliberate indifference standard is comprised of objective and subjective components. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted). Assessment of this objective component requires a court to determine whether the inmate was actually deprived of adequate medical care, *i.e.*, in violation of the prison official's duty to provide reasonable care, *and* whether this inadequacy in medical care is sufficiently serious to have caused or will likely cause harm, if any, to the inmate. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (internal citations omitted).

"The objective component of an Eighth Amendment claim is ... [necessarily] contextual and fact-specific, as such the serious medical need inquiry must be tailored to the specific circumstances of each case." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (internal citation and quotation marks omitted). Factors considered relevant in determining the existence of a serious medical condition include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations omitted). A deprivation of medical treatment can occur by prisoner officials unnecessarily delaying or interrupting medical care. *See Smith v. Carpenter*, 316 F.3d at 185. When the prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment," the court addresses its seriousness inquiry to "the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.*

8

"Subjectively, the charged official must act with a sufficiently culpable state of mind," *i.e.*, "something more than mere negligence," and "the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d at 553. Thus, under the subjective component, an official acts with the requisite deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837). No claim of deliberate indifference under the Eighth Amendment is stated by "mere allegations of negligent malpractice." *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). *Id.*

Courts have recognized that not every claim of inadequate medical treatment made by a prisoner states an Eighth Amendment violation. *See Salahuddin v. Goord*, 467 F.3d at 279. It has long been establish that an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth amendment violation." *Chance v. Armstrong*, 143 F.3d at 703. "The essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).

Here, construing the Complaint liberally, Plaintiff has failed to meet either the objective or the subjective component requirements of deliberate indifference to his medical needs. Absent from the Complaint are any allegations which can be construed as indicating (1) Plaintiff had an urgently, serious medical condition capable of producing "death, degeneration, or extreme pain," and (2) prison medical staff knew of and disregarded an excessive risk to

Plaintiff's health and safety. Except for stating that he was "in pain," the Complaint does not describe the level or extent of the pain, the particular condition(s) with which the pain was associated, any resulting inability to engage in normal activities, or any harm consequently experienced or likely to occur. Additionally, the Complaint fails to specify the nature of the complaints made to Nurse Wilson, and the Court must disregard, as conclusory and nonfactual, Plaintiff's allegation regarding Dr. Adam's history of negligently treating prison inmates.

By his allegations, Plaintiff appears to claim that Dr. Adams, Nurse Wilson and Nurse Doe either did not believe he had any pain, or disputed the severity of the pain, and acting on these beliefs, Nurse Doe refused Plaintiff's requests to see the doctor; Dr. Adams ordered his neck brace and walking cane taken away, did not permit him to see the physical therapist; and Nurse Wilson told him to stop lying. These allegations not only fail to show that in doing so, prison medical officials acted with deliberate indifference, *i.e.*, "for the very purpose of causing harm or with knowledge that harm will result," *Chance v. Armstrong*, 143 F.3d at 703, they reflect Plaintiff's disagreement with their evaluation and assessment of his medical circumstances. Plaintiff's mere disagreement over proper medical treatment does not give rise to a constitutional claim. *Id.; see also Arnold v. Westchester County*, 2012 U.S. Dist. LEXIS 12992, at *34-35 (S.D.N.Y. February 3, 2012) ("Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments not the Eighth Amendment") (citation omitted). This claim is therefore dismissed.

### c. Failure to Protect

The Eighth Amendment also imposes duties on prison officials to "take reasonable measures to guarantee the safety of the inmates" in their custody. *Farmer v. Brennan*, 511 U.S.

at 832 (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). An inmate asserting a failure to protect claim under the Eighth Amendment must establish both that the deprivation alleged is sufficiently serious — imposing a substantial risk of serious harm, *id.* at 834, and that the defendant acted with a "sufficiently culpable state of mind" — "'deliberate indifference' to the inmate's health and safety." *Hope v. Pelzer,* 536 U.S. 730, 738 (2002); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Thus, prison officials are liable for failure to protect inmates only when they "know[ ] of and disregard[ ] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. A prison "official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment." *Id.* at 838. "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835 (internal quotes omitted). Significantly, for purposes of analyzing Eighth Amendment claims, "the Supreme Court has drawn a 'distinction between mere negligence and wanton conduct ....'" *Graham v. Poole,* 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) (citing *Whitley v. Albers,* 475 U.S. 312, 322 (1986)).

Accepting as true, Plaintiff's allegations that the attention of C.O. Pietrie, C.O. Koon and C.O. Newark was diverted by a female officer transporting another inmate, and they "neglected their responsibilities" by permitting him, while shackled incorrectly, to proceed unescorted down the stairs and as a result, he slipped and fell down the stairs, sustaining injuries to his neck, back and wrist, the Complaint, at most, alleges no more than a simple claim of negligence, which under well settled law, *see Daniels v. Williams*, 474 U.S. 327 (1986), does not give rise to a cause of action under § 1983, even if corrections staff had actual or constructive knowledge of the danger. *See, e.g., Cox v. Nassau County Corr. Ctr.*, 2013 U.S. District LEXIS 31622, at *7-8

11

(E.D.N.Y. Feb. 15, 2013); *Graham v. Poole*, 476 F. Supp. 2d at 260 (in case concerning prisoner slip-and-all claim, holding that "[a]lthough plaintiff alleges that defendants were aware of the dangerous condition of the shower floor and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim"). Even if C.O. Pietrie, C.O. Koon and C.O. Newark actually or constructively knew of the danger, Plaintiff has failed to state an Eighth Amendment claim in that he has alleged no facts showing that they consciously disregarded an excessive risk to his health or safety. In the absence of allegations that these corrections officers displayed deliberate indifference to his health or safety, this claim is dismissed.

### d. Denial of Equal Protection

Lastly, the Complaint alleges, in cursory fashion and without elaboration, a violation of the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1. To state a viable equal protection claim under the Fourteenth Amendment, "a plaintiff generally must allege either 'purposeful discrimination ... directed at an identifiable or suspect class,'" *Barnes v. Fedele*, 760 F. Supp. 2d 296, 301 (W.D.N.Y. January 13, 2011) (quoting *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995)) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)), or that he or she "has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment." *Id.* (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (per curiam).

Upon even the most liberal reading, the Complaint asserts no set of facts from which to construe the occurrence of the claimed Equal Protection violation. For this reason, the claim must be dismissed.

## IV. CONCLUSION

I conclude that Plaintiff has failed to nudge any of his claims "across the line from conceivable to plausible," *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, and the Complaint filed in Case No. 13-CV-6170 must be dismissed. Defendants' motion to dismiss (ECF No. 10) is granted. The Clerk of the Court is hereby directed to dismiss the Complaint and, accordingly, close this case forthwith.

IT IS SO ORDERED.

Dated: July 24, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge